IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Case No.: 3:18-cv-198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| 61 Gift Cards from Multiple Issuers, | ) | |
| | ) | **VERIFIED** |
| Defendant. | ) | **COMPLAINT IN FORFEITURE** |
| | ) | |

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Guillermo J. Rojas, Assistant U.S. Attorney, and files this Verified Complaint in Forfeiture, respectfully alleging on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF ACTION AND JURISDICTION

1.      This is an action to forfeit the defendant property to the United States.   The defendant property consists of 61 gift cards from multiple issuers identified in Exhibit (1) (hereinafter referred to as "Defendant Gift Cards").   The combined value remaining on the Defendant Gift Cards is $30,010.53.

2.      On December 8, 2015, the Ohio State Highway Patrol ("OSHP") lawfully seized the Defendant Gift Cards pursuant to a traffic stop on Interstate Route 75 in Hancock County, Ohio.   OSHP seized the Defendant Gift Cards from a car driven by Deleisha Evangela Doughrity ("Doughrity").   The OSHP found the gift cards in a jacket that had been near a rear seat passenger named Gary Eugene Jackson III ("Jackson").

3.       Subsequent to seizure, on December 10, 2015, OSHP transferred custody of the Defendant Gift Cards to the United States Secret Service, Toledo Resident Office.   The Defendant Gift Cards remain in a vault at this location.

4.       On August 26, 2016, the USSS sent an Abandonment Letter to Jackson, notifying Jackson of the USSS intent to abandon the Defendant Gift Cards.   Jackson did not respond to this letter.

5.       This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6.       This Court has in rem jurisdiction over the Defendant Gift Cards pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the property was found in this district.

7.       Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the Defendant Gift Cards were found in this district.

8.       The Court will have control over the defendant property through service of an arrest warrant in rem, which the Plaintiff will execute upon the Defendant Gift Cards.   See Supplemental Rule G(3)(b)-(c); 28 U.S.C. § 1355(d).

BASIS OF FORFEITURE

9.       The Defendant Gift Cards are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute or are derived from proceeds traceable to access device fraud under Title 18 U.S.C. § 1029(a)(5).

10.       A violation of 18 U.S.C. §§ 1029(a)(5) occurs when an individual—

> knowingly and with intend to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000.

2

FORFEITURE COUNT

11.     On December 8, 2015, Trooper Justin Craig, Ohio State Highway Patrol, observed a 2015 Toyota Camry travelling at 79 MPH in a zone with a speed limit of 65 MPH.

12.    Tpr. Craig stopped the Camry, asked the driver for her license and registration, and explained the reason for the stop.

13.     The driver produced a Michigan driver's license identifying her as Deleisha Doughrity.   Tpr. Craig also observed a right front seat passenger and right back seat passenger.

14.     Tpr. Craig detected the strong odor of burnt marijuana coming from within the car.

15.     Tpr. Craig also learned that the Camry was a rental vehicle, and the renter was not in the vehicle.

16.     Tpr. Craig called for another unit to come to the scene for a probable cause search on suspicion of illegal drug activity.

17.     After a consensual pat down, Tpr. Craig placed Doughrity in his patrol car and asked about her travels.   Doughrity indicated that she and the other passengers were returning from a shopping excursion to Dayton but had not bought anything.

18.     Tpr. Craig asked if anyone had smoked marijuana in the Camry, and Doughrity said that the right front seat passenger had done so.

19.    Doughrity indicated that the right back seat passenger was her brother and that she only knew the nickname of the right front seat passenger.

20.    Tpr. Craig returned to the Camry and asked for the identification of the right front seat passenger.   This individual produced a Michigan ID card identifying her as Saikeia Mcdougle.

21.     Tpr. Craig asked about her travels, and Mcdougle indicated that she and the others

3

were visiting the right back seat passenger's friend in Cincinnati. This response differed from Doughrity's response to the same question.

22.     At this time another OSHP Trooper, Tpr. Derthick, arrived to assist with the planned probable cause search.

23.     Tpr. Craig conducted a consensual pat down of Mcdougle and placed her in his patrol car.

24.     Tpr. Derthick identified the third passenger as Gary Eugene Jackson, III from his passport and then secured Jackson in his patrol car.

25.     Tpr.'s Craig and Derthick proceeded to perform a probable cause search of the Camry. They found a metal grinder containing suspected marijuana located in the center console cubby.

26.     The Troopers also found a large number of gift cards located in a black jacket in the right rear passenger seat where Jackson previously sat.

27.     The Troopers also found a Michigan ID and credit card for an individual not present named Brittany Ann Davis. Doughrity, Mcdougle and Jackson all denied knowing Davis.

28.     The Troopers searched the Camry's trunk and found a laptop computer and a device appearing to be a credit card reader or scanner inside a backpack.

29.     At OSHP's direction, a private towing company took the Camry back to the Findlay State Highway Patrol Post for a more thorough search. Troopers Craig and Derthick took the suspects to the same location.

30.     Once at the Findlay State Highway Patrol Post, Troopers conducted a more thorough search of the suspects and the Camry.

31.     Troopers found eight suspected fraudulent credit/gift cards in Jackson's wallet, several of which were in the names of individuals other than Jackson.

32.     Troopers counted 61 gift cards that came from the black jacket that had been on the Camry's rear passenger seat.   These 61 gift cards constitute the Defendant Gift Cards.

33.     Troopers found Kroger receipts detailing the purchase of gift cards in a bag that contained Best Buy gift card packaging.

34.     The Kroger receipts showed $6,517.85 worth of gift card purchases.   However, the suspects did not have the credit card used to purchase the gift cards.

35.     The fact that the suspects did not have the credit card used for purchasing the gift cards indicates that individuals may have embedded a false number on the card used to make the purchases.

36.     Troopers also found a green coat in the Camry's rear passenger seat that contained five American Express cards with an unknown individual's name.

37.     Jackson claimed ownership and asked to take possession of the green coat and backpack.

37.     On December 10, 2015, the OSHP transferred the Defendant Gift Cards, along with other evidence, to the United States Secret Service ("USSS") for further investigation.

38.     The USSS discovered that a balance of $30,010.53 remained on the Defendant Gift Cards.   Loss prevention services at Kroger subsequently linked a total of $100,000.00 in gift card purchases to the same Kroger Plus guest account that appeared on the Kroger receipt found in the Camry.

39.     Kroger surveillance video shows two of the suspects entering stores and making gift card purchases with credit cards.

40.     Bank of America responded to a USSS subpoena for records relating to the

altered credit cards found in the Camry.   The records produced show that thee of the credit cards

show unauthorized Kroger transactions on December 8, 2015, the same day Tpr. Craig stopped

the Camry.

## CONCLUSION

41.     By reason of the foregoing, the Defendant Gift Cards are subject to forfeiture

pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from access device

fraud under Title 18 U.S.C. § 1029(a)(5).

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the Court order the Defendant Gift Cards

forfeited to the United States, award the United States costs and disbursements in this action, and

provide such other and further relief as the Court deems proper and just.

Respectfully submitted,

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY

Dated: January  25 , 2018                     /s/ Guillermo J. Rojas
Guillermo J. Rojas (#0069882)
Assistant U.S. Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604-2624
Phone/Fax: (419) 259-6376/6360
Guillermo.Rojas@usdoj.gov

## VERIFICATION

I, Steve Snyder, am a Special Agent with the United States Secret Service and the case agent assigned to this case.  I have read the contents of the foregoing Verified Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this    24     day of    January   , 2018.


 /s/ Steve Snyder
Steve Snyder
Special Agent
United States Secret Service



Sworn to and subscribed in my presence this 24th    day of   January , 2018.


 /s/ Jennifer L. Ramon
Notary Public

My commission does not expire.

## VERIFICATION

I, Justin G. Craig, hereby verify and declare under penalty of perjury that I am a Trooper with the Ohio State Highway Patrol, that I have read the foregoing Verified Complaint, and the statements contained therein are true to the best of my knowledge and belief.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this   25th    day of    January    , 2018.


/s/ Tpr. J. G. Craig
Justin G. Craig
Trooper
Ohio State Highway Patrol



Sworn to and subscribed in my presence this   25th   day of   January    , 2018


 /s/ Rhonda Eck
Notary Public

My commission expires on   6/2018

8

## CERTIFICATE OF SERVICE

I hereby certify that on January __25th__, 2018, a copy of the foregoing was filed with the

Court.   All Parties listed below will be served, by certified U.S. Mail, with a copy of the instant

Verified Complaint along with a Notice of a Complaint for Forfeiture.   Parties may also access

this filing through the Court's electronic filing system.

Deleisha Evangela Doughrity
4189 University Place
Detroit, MI 48201

Saikeia Traivonia Mcdougle
21704 Rockwell Street
Farmington Hills, MI 48331

Gary Eugene Jackson III
8620 Ohio Street
Detroit, MI 48201


/s/ Guillermo J. Rojas
Guillermo J. Rojas
Assistant U. S. Attorney